MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2015 ME 104
Docket:      BCD-14-412
Argued:      June 17, 2015
Decided:     August 6, 2015

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

FIRST TRACKS INVESTMENTS, LLC

v.

MURRAY, PLUMB & MURRAY et al.


PER CURIAM

[¶1]   First Tracks Investments, LLC, appeals from a summary judgment entered in the Business and Consumer Docket (*Murphy, J.*) in favor of Murray, Plumb & Murray; Kelly W. McDonald; and Christopher B. Branson (collectively, MPM) on First Tracks's claims for wrongful use of civil proceedings and abuse of process.   Contrary to First Tracks's contentions, when viewing the summary judgment record in the light most favorable to First Tracks, the trial court correctly concluded that First Tracks failed to establish a prima facie case for each element of both causes of action.   *See Jennings v. MacLean*, 2015 ME 42, ¶ 5, 114 A.3d 667.

[¶2]   Although we affirm the judgment, we also note the parties' employment of a summary judgment process that was, by definition, not

2

"summary." MPM's summary judgment motion was accompanied by 127 statements of material facts; First Tracks then filed an additional 130 statements of material facts in opposition, totaling 257 individual facts. Contrary to the requirements of M.R. Civ. P. 56(h), both parties' statements of facts are laden with unnecessary and inflammatory characterizations of the evidence, name more than one fact per statement, are repetitive and duplicative, lack a chronological organization, and contain many facts that are entirely irrelevant to the litigation. This practice is contrary to our admonishment in *Stanley v. Hancock County Commissioners*:

> The filing of unnecessarily long or repetitive statements of material facts needlessly complicates the summary judgment process. If a statement of a particular fact is supported by several record citations, the fact should be stated once with a reference to each of the several record citations that support the fact. In addition, statements of material facts should be organized in a logical order to present in a meaningful fashion the "story" revealed by the material facts. For example, parties may organize facts, in whole or in part, (1) in order of chronology; (2) to correlate with the elements of the cause or causes of action; or (3) as was possible here, to correspond to the shifting burdens of proof imposed by settled law. We discourage organizing statements of material facts by tracking the averments made in several affidavits submitted in support of the statements, where such organization results in the same fact being repeated multiple times.

> If a party submits an unnecessarily long, repetitive, or otherwise convoluted statement of material facts that fails to achieve the Rule's requirement of a "separate, short, and concise" statement, the court has the discretion to disregard the statement and deny the motion for summary judgment solely on that basis.

2004 ME 157, ¶¶ 28-29, 864 A.2d 169.

[¶3]  We appreciate the herculean efforts of the trial court to resolve this matter on the summary judgment filings, but the court would have been well within its discretion to have granted a summary judgment in favor of MPM based solely on First Tracks's failure to comply with the requirements of Rule 56(h), or to have denied summary judgment based on the manner in which both parties availed themselves of the summary judgment process. *See id*.

The entry is:

Judgment affirmed.

**On the briefs:**

Thomas F. Hallett, Esq., and Daphne Hallett Donahue, Esq., Hallett, Zerillo & Whipple, P.A., Portland, for appellant First Tracks Investments, LLC

Peter J. DeTroy, Esq., Russell B. Pierce, Jr., Esq., and Joshua D. Hadiaris, Esq., Norman, Hanson & DeTroy, LLC, for appellees Murray, Plumb & Murray; Kelly W. McDonald, Esq.; and Christopher B. Branson, Esq.

**At oral argument:**

Thomas F. Hallett, Esq., for appellant First Tracks Investments, LLC

Russell B. Pierce, Esq., for appellees Murray, Plumb & Murray; Kelly W. McDonald, Esq.; and Christopher B. Branson, Esq.