STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-048

SUSAN GOLDING,

Plaintiff

v.

ORDER

HI-WAY SAFETY SYSTEMS,
INC., et al.,

Defendants

REC'D CUMB CLERKS OFC
APR 15 '20 PM12:20

Before the court is a motion by defendant Hi-Way Safety Systems, Inc. for summary judgment.

In this case plaintiff Susan Golding is suing the City of Portland and three contractors, Hi-Way Safety Systems, Zebra Striping Inc., and Opechee Construction Corp.[1] Golding alleges that she was injured on July 27, 2018 when she stepped into a pothole that was not readily visible or apparent in the crosswalk at the intersection of Fore and Hancock Streets.

In her third amended complaint Golding alleges that Hi–Way Systems knew or should have known of the dangerous condition at the intersection and that it created or allowed a dangerous condition to exist by painting over an existing pothole (Count I). She also alleges that Hi-Way Systems breached a duty to provide a safe premises (Count II), that Hi-Way Systems breached a duty to warn of a dangerous condition (Count III), and that Hi-Way Systems breached a duty to inspect its premises to discover dangerous latent conditions (Count IV).

---

[1] Zebra Striping was added in Golding's first amendment to the complaint. Opechee Construction was added in Golding's third amendment to the complaint. A number of the claims against the City were dismissed in the court's March 9, 2020 order, but the City remains as a defendant on Count XI of the third amended complaint.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

Discussion

The basis of Golding's claim is that the crosswalk stripes at the intersection in question painted over a pothole and created a dangerous condition. It is not disputed that, under a contract with the City, Hi-Way Systems painted stripes at the intersection in question both in September 2017 and again after Golding was injured on July 27, 2018.

Hi-Way Systems has offered evidence that another contractor repainted the crosswalk after September 2017 and before Golding's injury on July 27, 2018. Hi-Way Systems SMF ¶ 4. Golding does not directly dispute this but argues that the crosswalk had been negligently painted by one or more contractors, and that Hi-Way Systems is the "last *known* contractor to have painted the crosswalk, in late September 2017." Golding SAMF ¶¶ 2, 4.[2]

---

[2] Although not referenced in the summary judgment motion, Golding's claims against Zebra Striping and Opechee Construction are based on the contention that Zebra Striping and Opechee Construction also created a dangerous condition by painting over the pothole in the crosswalk.

2

Treating the summary judgment record in the light most favorable to Golding, the court concludes that there is a factual dispute for trial as to whether the crosswalk striping that was present at the time of Golding's injury on July 27, 2018 (and is alleged to have constituted a dangerous condition) was striping that Hi-Way Systems had painted 10 months earlier. Hi-Way has offered opinion testimony that the striping was too new to have been applied 10 months earlier. Golding has offered opinion testimony that the striping present on July 27, 2018 could have been the striping applied by Hi-Way Systems 10 months earlier.[3]

Since Hi-Way Systems could be held liable if it created a dangerous condition, *see Colvin v. A R Cable Service-Me*, 1997 ME 163 ¶ 7, 697 A.2d 1289, this is sufficient to defeat Hi-Way Systems's motion for summary judgment. At the same time, the court does not adopt Golding's alternative theory that Hi-Way Systems had a duty to inform the City of the danger even if it did not create the danger. Golding has offered no authority for this theory and the court reserves decision on whether this theory could conceivably constitute a basis for liability on the part of Hi-Way Systems.[4]

The entry shall be:

1. The motion for summary judgment filed by defendant Hi-Way Safety Systems Inc. is denied.

---

[3] In its Reply SMF, Hi-Way Systems challenges some of the opinion testimony submitted by Golding. The court agrees that the facts stated in the Marceau affidavit and the attached Google Earth photographs allow Marceau to express an opinion that the striping in place at or around the time of Golding's injury could have been applied by Hi-Way Systems 10 months earlier. The court does not accept all of Marceau's other opinions, such as those expressed in Marceau affidavit ¶ 23.

[4] Both Hi-Way Systems and Golding have submitted copies of a photo of the crosswalk that was apparently taken shortly after Golding was injured. The shading of the photos differ slightly, which has led to a fruitless dispute between the parties as to whether there may have been some enhancement of the photo. The major difference appears to be that one copy bears a notation as having been marked as an exhibit at the Thomas deposition and is printed on shinier paper. The other purports to be the original — although no foundation is offered as to who took the photo or how any print from a digital photograph can qualify as more original than any other. The court has disregarded this dispute in ruling on the pending motion.

3

2. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _15_, 2020

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 04/21/20

Plaintiff-Christian Lewis, Esq.
Def Hi-Way Safety-Tracy Hill, Esq.
Def City of Portland-Russell Pierce, Esq.
Def Zebr Striping-John Topchik, Esq.
Def Opechee-Joseph Cahoon, Esq.

4

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-048

SUSAN GOLDING,

Plaintiff

v.                                                                              ORDER

HI-WAY SAFETY SYSTEMS,
INC., et al.,
Defendants

REC'D CUMB CLERKS OFC
MAR 9 '20 PM 1:59

In its November 8, 2019 order the court addressed the City's motion for summary judgment, based on its argument that the claims asserted against it in Counts I, V, VI, and VII of the complaint[1] were barred by sovereign immunity under the Maine Tort Claims Act.

The court ruled that the City had established for purposes of summary judgment that the City was not engaged in any construction, street cleaning or repair at the intersection of Fore and Hancock Streets on July 27, 2018. Accordingly, it found that the City had established that the waiver of sovereign immunity in 14 M.R.S. § 8104-A(4) did not apply. That section provides that a governmental entity is liable "for its negligent acts or omissions arising out of and occurring during the performance of construction, street cleaning or repair operations on any . . . town way."

Plaintiff Susan Golding had argued, however, that the City might nevertheless be liable if it had procured insurance coverage in an area where it might otherwise be immune. 14 M.R.S. § 8116. Golding did not offer evidence of such insurance but argued that the construction companies which had worked on the pedestrian crossing at Fore and Hancock Streets might have named the City as an additional insured.

---

[1] At that time the operative complaint was the amended complaint filed April 10, 2019. Since then plaintiff has been granted leave to file both a Second Amended Complaint and a Third Amended Complaint. As against the City, counts I, V, VI, and VI remain unaltered in the third amended complaint and the City's motion as to those counts is not affected by the amendments to the complaint.

Plaintiff-Christian Lewis, Esq.
Defendant City-Russell Pierce, Esq.
Hi-Way Safety-Tracy Hill, Esq.
Zebra Striping-L John Topchik, Esq.

Although Golding had not formally made a Rule 56(f) motion, the court construed her argument as a Rule 56(f) request and gave Golding until November 22 to file a supplemental statement of material facts.[2]

Subsequently Golding obtained an unopposed extension to February 14, 2020. She filed a Supplemental Statement of Material Facts on that date and at the same time is seeking a further extension to June 12. The City has filed a Reply Statement of Material Facts to Golding's February 14 submission and opposes an extension to June 12.[3]

Golding's Supplemental Statement of Material Facts is repetitive, replete with legal argument, names more than one alleged fact in each paragraph, and does not constitute a separate, short, and concise submission as required by Rule 56(h). It could be disregarded on that basis alone. *First Tracks Investments LLC v. Murray Plumb & Murray,* 2015 ME 104 ¶ 2, 121 A.3d 1279.

In her Supplemental Statement Golding makes two arguments. The first is that there is evidence that the area where plaintiff fell was an active construction zone. The first problem with this argument is that this was not an issue on which the court, in its November 8, 2019 order, allowed plaintiff to submit a supplemental statement of material facts.

The second problem with this argument is that to the extent there is evidence that the area was an active construction zone, that evidence relates to the activities of private contractors, rather

---

[2] At that point the case had been pending for around nine months and Golding had been aware of the City's immunity arguments for at least five months – since the City had filed its summary judgment motion on June 10, 2019.

[3] The City did not oppose what it understood to be a short extension until a scheduling conference requested by Golding could be held, but it did oppose a further 120-day extension after plaintiff had already received an extension from November 22, 2019 to February 14, 2020.

2

than the City. 14 M.R.S. § 8104-A(4) states that "a governmental entity is liable for **its** negligent acts or omissions arising out of and occurring during the performance of construction, street cleaning or repair operations on any . . . town way" (emphasis added). That statute does not make the City liable for the negligent acts or omissions of others engaged in construction activities on city streets. Indeed, the next sentence of § 8104-A(4) states:

> A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto.

It bears emphasis the activity of private contractors in the area where Golding suffered injury is not new information but was disclosed to Golding as early as April 2019 in an interrogatory answer. A copy of that interrogatory answer is referred to and attached to the City's original statement of material facts.

Golding's second argument is based on a provision in a contract between the City and defendant Hi-Way Safety Systems that Hi-Way Safety Systems shall obtain insurance naming the City as an additional insured. This is at least the issue on which the court allowed Golding to submit a supplemental statement of material facts.

Golding's arguments on this issue fall short, however, for several reasons. Foremost among these is that very next sentence of the contract cited by Golding states that the City shall only be named as an additional insured "in those areas where governmental immunity has been expressly waived by 14 M.R.S.A. § 8104-A, as limited by § 8104-B, and § 8111." April 16, 2018 Contract § 3, annexed as Ex. A to the February 13, 2020 Affidavit of Christian Lewis and cited in Golding's Supplemental SMF ¶ 1. The existence of this contract, therefore, does not demonstrate that the City has waived sovereign immunity. It demonstrates the contrary.

3

Golding argues that she should have additional time in which to attempt to explore whether there may be other instances in which the City has been named as an additional insured in a way that might somehow have waived the City's governmental immunity under the circumstances in this case. Golding has already had a year in which to conduct discovery. Her argument for an additional extension amounts to a request under Rule 56(f) that the court give her three more months – in addition to and the four months she has already had since the court's November 8, 2019 order – to attempt to find an insurance waiver broad enough to allow her to keep the City in this case on Counts I, V, VI, and VII.

At this point Golding is not entitled to a further Rule 56(f) extension because she has not offered a "plausible basis" to believe that the kind of insurance waiver she is looking for exists. *See Bay View Bank N.A. v. Highland Golf Mortgagees Realty Trust,* 2002 ME 178 ¶ 22, 814 A.2d 449. The court cannot find that she has proceeded with "reasonable diligence" on this issue. *Id.*[4] She has had enough time.

The entry shall be:

　　1. The City of Portland's motion for summary judgment  dismissing counts I, V, VI, and VII of the third amended complaint as against the City is granted. The City remains as a defendant on count XI.

　　2. Plaintiff's motion for a further extension in which  to supplement its opposition to the City's motion is denied.

　　3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[4] Golding argues that she has been stymied on certain discovery requests directed toward the non-City defendants. However, she has never sought a Rule 26(g) conference. Leaving all discovery issues aside, there remains no plausible basis to believe that any evidence exists of an insurance waiver that would somehow subject the City to liability notwithstanding the last sentence of § 8104-A(4).

4

Dated: March __9__, 2020

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 03/10/20  mc✓

5

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-048

SUSAN GOLDING,

      Plaintiff

v.

                                       ORDER

HI-WAY SAFETY SYSTEMS,
INC., et al.,
      Defendants

Before the court is defendant City of Portland's motion for summary judgment and plaintiff Susan Golding's motion to file a second amended complaint.

This is a case where Golding is suing the City of Portland and two contractors, Hi-Way Safety Systems and Zebra Striping Inc.[1] Golding alleges that she was injured when she stepped into a pothole that was not readily visible or apparent at the crosswalk at the intersection of Fore and Hancock Streets.

In her amended complaint Golding alleges that the defendants, including the City, knew or should have known of the dangerous condition at the intersection and created or allowed a dangerous condition to exist (Count I). She also alleges that the City breached a duty to provide a safe premises (Count V), that the City breached a duty to warn of a dangerous condition (Count VI), and that the City breached a duty to inspect its premises to discover dangerous latent conditions (Count VII).

In her proposed second amended complaint, Golding specifically asserts that the City is also liable under 23 M.R.S. § 2355, which provides for recovery for injuries suffered through

---

[1] Zebra Striping was added in Golding's first amendment to the complaint. Hi-Way Safety Systems has also filed a motion for summary judgment, which the court received from the clerk and took under advisement on November 1, 2019.

REC'D CUMB CLERKS OFC
NOV 8 '19 AM9:47

defects in town ways if the appropriate municipal officers had 24 hours actual notice of the defect. It appears that recovery under this statute may be limited to $6,000.

The court will first address Golding's motion to amend and will grant that motion. The deadlines in the scheduling order have been extended, and plaintiff's motion was made within the deadlines in the last two scheduling orders. Moreover, the City has had notice of the potential claim under 23 M.R.S. § 2355 through a notice served on the City shortly after Golding suffered the alleged injuries.

That leaves, however, the City's motion for summary judgment as to the claims against the City in Counts I, V, VI, and VII in both the first and second amended complaints. These claims allege general negligence and premises liability. As the City has demonstrated in its motion for summary judgment, it is a municipal entity entitled to sovereign immunity on those claims unless there is a statutory waiver of sovereign immunity. 14 M.R.S. § 8103.

Apart from 23 M.R.S. § 2355, there are only two potential waivers of sovereign immunity applicable in this case. The first is set forth in 14 M.R.S. § 8104-A(4), which applies to negligent acts and omissions "arising out of and occurring during the performance of construction, street cleaning or repair operations on any . . . town way" (emphasis added). Notably, that same section states that governmental entities are not liable "for defect [or] lack or repair" in any town way.

Golding has stated that her injuries were suffered on July 27, 2018, and that there was an unfilled pothole that had been painted over in the crosswalk that made it difficult to see. City SMF ¶¶ 4, 7 (admitted). The City has offered sworn evidence that there were no contemporaneous construction, street cleaning, or repair operations being performed by the City at the crosswalk in issue at that time. City SMF ¶ 8.[2]

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary

---

[2] This paragraph was qualified in Golding's SMF ¶ 8 but only on the ground that some repair and maintenance were scheduled to begin a month after Golding's injury. This does not create a material issue of disputed fact because the waiver of sovereign immunity only applies to negligence during the performance of street repairs.

2

might generate a factual dispute as to whether the City was performing street cleaning, repair or construction on July 27, 2018. The mere assertion that discovery is ongoing is not enough; otherwise summary judgment could never be granted before all discovery has been completed. This is contrary to Rule 56(b), which provides that a party may "at any time" file a motion for summary judgment.

The second possible waiver of sovereign immunity that could conceivably be applicable in this case would be if the City has insurance providing coverage notwithstanding its immunity. 14 M.R.S. § 8116. The City has demonstrated that its own insurance is limited to the specific categories where immunity has been statutorily waived. City SMF ¶ 9. Golding does not dispute that showing, but she suggests that insurance naming the City as an additional insured may have been procured by Zebra Striping and further states that discovery as to Zebra Striping's insurance has been propounded. Golding SMF ¶ 9; Golding Statement of Additional Facts ¶¶ 1, 6.

As noted above, Golding never actually filed a Rule 56(f) motion. Even overlooking that issue, it may be questioned whether there is a plausible basis to believe that Zebra Striping would have any insurance coverage benefiting the City.[3] Nevertheless, while the court is inclined to grant the City's motion for summary judgment as to Counts I, V, VI, and VII, the court will stay a ruling on that motion until November 22, 2019.

Golding's opposition to the City's summary judgment, which included the assertion that discovery had been undertaken with respect to Zebra Striping insurance, was filed on July 1, 2019. Golding has now had four months to obtain any discovery that could generate a disputed issue of fact as to whether the City has any applicable insurance coverage.

Unless by November 22, 2019 Golding files a further statement of material facts demonstrating that there is a disputed issue of fact as to whether the City has applicable insurance

---

[3] Zebra Striping appears to have been a subcontractor on a hotel construction project rather than a contractor or subcontractor employed by the City. *See* City Response to ¶ 5 of Golding's Interrogatories, annexed to the City's SMF.

4

coverage, the court will grant the City's motion for summary judgment as to Counts I, V, VI, and VII. If Golding files such a statement, the City shall have until December 6, 2019 to respond.

In any event, the City will remain in the action as a defendant on the claim under 23 M.R.S. § 2355 in Count XI.

The entry shall be:

1. Plaintiff's motion for leave to file a second amended complaint adding, as Count XI, a claim against the City of Portland under 23 M.R.S. § 2355 is granted.

2. Unless by November 22, 2019 Golding files a further statement of material facts demonstrating that there is a disputed issue of fact as to whether the City has applicable insurance coverage, the court will grant the City's motion for summary judgment as to Counts I, V, VI, and VII.

3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 8, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 11/08/19

Plaintiff-Christian Lewis, Esq.
Defendant City-Russell Pierce, Esq.
Defendant Hi-Way-Tracy Hill, Esq.
Defendant Zebra-John Topchik, Esq.

5