STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-2020-171

KATHRYN WHITEHEAD,                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )           **ORDER ON DEFENDANT'S**
                                      )           **MOTION FOR SUMMARY**
STATE OF MAINE, DEPARTMENT            )           **JUDGMENT**
OF CORRECTIONS, LONG CREEK            )
YOUTH DEVELOPMENT CENTER,             )
                                      )
          Defendant.                  )

Before the Court is Defendant State of Maine, Department of Corrections, Long

Creek Youth Development Center's Motion for Summary Judgment. For the following

reasons, the Court denies the motion.

I.    **Background**

After receiving a right-to-sue letter from the Maine Human Rights Commission,

Plaintiff Kathryn Whitehead filed a seven-count Amended Complaint against Defendant.

Ms. Whitehead brings claims of disability discrimination and retaliation under the Maine

Human Rights Act, 5 M.R.S. §§ 4551-4634, retaliation in violation of the Whistleblowers'

Protection Act, 26 M.R.S. §§ 831-840, sexual harassment/hostile work environment,

interference and retaliation in violation of the federal Family and Medical Leave Act, 29

U.S.C. §§ 2601-2654, and violation of Maine Family Medical Leave Requirements, 26

M.R.S. §§ 843-848, in connection with her former employment at Long Creek Youth

Development Center as a Juvenile Program Worker.

Defendant moves for summary judgment on all counts of Ms. Whitehead's

Amended Complaint.

REC'D CUMB CLERKS OFC
APR 22 '22 PM3:44

## II. Legal Standard

At the summary judgment stage, "strict adherence to [M.R. Civ. P. 56's] requirements is necessary to ensure that the process is both predictable and just." *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 12, 21 A.3d 1015 (quoting *Deutsche Bank Nat'l Tr. Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1). A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. A court may consider documents at the summary judgment stage only when the documents are attached to an affidavit that authenticates the documents according to M.R. Civ. P. 56(e). *Ocean Cmtys. Fed. Credit Union v. Roberge*, 2016 ME 118, ¶ 8 n.2, 144 A.3d 1178.

A contested fact is material if it could potentially affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. A genuine issue of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating."[1] *Est. of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

---

[1] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e). A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cnty. Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169.

## III. Discussion

The Law Court has opined: "If a party submits an unnecessarily long, repetitive, or otherwise convoluted statement of material facts that fails to achieve the Rule's requirement of a 'separate, short, and concise' statement, the court has the discretion to disregard the statement and deny the motion for summary judgment solely on that basis." *Stanley*, 2004 ME 157, ¶ 29, 864 A.2d 169 (noting that the lower court could have disregarded 191-paragraph statement of material facts in an employment discrimination and unlawful retaliation action); *see First Tracks Invs., LLC v. Murray, Plumb & Murray*, 2015 ME 104, ¶¶ 2-3, 121 A.3d 1279 (stating that the lower court would have been "well within its discretion" to deny summary judgment where moving party submitted a 127-paragraph statement of material facts and the opposing party submitted a 130-paragraph statement of additional material facts); *Oceanic Inn, Inc. v. Sloan's Cove, LLC*, 2016 ME 34, ¶ 4 n.2, 133 A.3d 1021 (noting that the lower court could have properly disregarded the opposing party's 145-paragraph statement of additional material facts, when the moving party's statement of material facts numbered only eighteen paragraphs).

Here, the Court is confronted with, as the Law Court aptly put it, "a summary judgment process that [is], by definition, not 'summary.'" *First Tracks Invs., LLC*, 2015 ME 104, ¶ 2, 121 A.3d 1279. Defendant's Statement of Material Facts includes 156 paragraphs, spanning 21 pages. Ms. Whitehead's Statement of Additional Material Facts consists of 261 paragraphs, spanning 43 pages. Thus, the total number of statements for the Court's consideration is 417.[2] In addition, Ms. Whitehead's Response to Defendant's Statement of

---

[2] Although the Court is under no obligation to search the record beyond the parties' citations, the Court notes that the record in this case is exceedingly voluminous, with upwards of twenty-five exhibits from each party, including supplemental affidavits filed without prior leave of the Court. Inconsistent page numbering and organization systems make the record particularly cumbersome.

Material Facts consists of 42 pages in total, with some individual responses spanning multiple pages.

Although the Court appreciates the parties' apparent desire to be thorough, neither party's statement can be reasonably characterized as short and concise, as required by M.R. Civ. P. 56(h). The statements of both parties contain unnecessary minutiae, and Ms. Whitehead's Statement contains inflammatory characterizations and repetition. Moreover, both parties cite to portions of the record containing inadmissible hearsay, including unauthenticated and unattached documents. Based on the manner in which the parties have availed themselves of the summary judgment process, the Court denies Defendant's Motion for Summary Judgment.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment.

The entry is:

Defendant's Motion for Summary Judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 4/22/2022

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 4/27/2022

Page 4 of 4

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO:  CV-20-171

KATHRYN WHITEHEAD,              )

        Plaintiff,              )

    v.                          )

STATE OF MAINE, DEPARTMENT      )
OF CORRECTIONS, LONG CREEK
YOUTH DEVELOPMENT CENTER,       )        ORDER

        Defendants              )


Before the court is Plaintiff, Kathryn Whitehead's, Motion for Leave to Amend. For the forgoing reasons, Plaintiff's Motion is granted.

## I. Factual Background

Plaintiff filed her Complaint on April 21, 2020. Pursuant to the court's Scheduling Order, Plaintiff had four months from July 8, 2020 to amend her Complaint. Plaintiff missed the deadline and filed her Motion to Amend on January 19, 2021. She asserts that the ongoing COVID-19 global pandemic caused delays in the discovery process,

Despite the parties' prior agreements that there was good cause to amend the court's Scheduling Order for dates relating to discovery, motions, and witness and exhibit lists, Defendants now oppose Plaintiff's Motion to Amend and argue that Plaintiff must demonstrate "excusable neglect" before the Motion may be granted. Defendants do not suggest that Plaintiff has failed to show good cause to amend the Complaint, nor do they allege that they will suffer prejudice if the Motion is granted.

## II. Legal Standard

"Once a responsive pleading is served, a party may amend the pleading 'by leave of court,' which 'shall be freely given when justice so requires.'" *Paul v. Town of Liberty,*

2016 ME 173, ¶ 9, 151 A.3d 924; *quoting* M.R. Civ. P. 15(a). "Undue delay, bad faith, undue prejudice, or futility of amendment are grounds for denying a motion to amend." *Id.* (quotation marks omitted). "A Rule 15 motion for leave to amend is committed to the sound discretion of the trial court." *Glynn v. City of Portland*, 640 A.2d 1065, 1067 (Me. 1994).

As noted above, Defendants argue that the Plaintiff is required to show excusable neglect before she may be allowed to amend her Complaint because the Motion to Amend was filed outside the time permitted by this court's standard Scheduling Order. The Defendant cites M.R. Civ. P. 6(b) that provides: "when . . . a notice is given . by order of court [that] an act is required or allowed to be done at or within a specified amount of time, the court for cause shown may at any time in its discretion" permit the act to be completed after the expiration of the time allowed if "the failure to act was the result of excusable neglect[.]" However, M.R. Civ. P. 16(a)(1), which governs amendments to a court's scheduling order, allows for amendments to the scheduling order "for good cause[.]" The parties disagree over which standard applies in this case.

## III. Discussion

Superior Court precedent, provides that: "a motion to amend, normally subject to a very low threshold, . . . which requires modification of a scheduling order, will be held to the M.R. Civ. P. 16 standard of 'good cause.'" *First Tracks Invs., LLC v. Sunrise Schoolhouse, LLC.*, 2011 ME. Super. LEXIS 143, *11. In *Sunrise Schoolhouse*, the court observed that "[p]recedent is clear and numerous that a motion to amend made in good faith will be liberally granted" in the first instance. *Id.* at *10. Indeed, technicalities regarding timing alone do not present the sort of "undue delay, bad faith, undue prejudice, or futility of argument" that are typically grounds for denying a motion to amend. *Town of Liberty*, 2016 ME 173, ¶ 9, 151 A.3d 924.

In light of the forgoing, there appears little reason to depart from the longstanding precedent that Rule 15 be applied liberally, particularly when there is no allegation of undue prejudice or delay. *See Bangor Motor Co. V. Chapman*, 452 A.2d 389, 392 (Me. 1982). That said, because Plaintiff's Motion to Amend was filed after the time allowed by the Scheduling Order, it is subject to a higher standard of scrutiny. The scrutiny to be imposed, however, is good cause and not excusable neglect.

In this case, the parties have already agreed that there was good cause to amend the Scheduling Order to add sixty days to the Order's deadlines regarding: completion of discovery; witness and exhibit lists; and filing of motions. (Joint Mot. to Amend. Scheduling Order, ¶ 6.) Additionally, Plaintiff informed Defendants on December 8, 2020, that she intended to amend her Complaint to add additional causes of action based upon information obtained through discovery. As a result, the parties' agreed to leave certain depositions open in anticipation of the Amended Complaint. Plaintiff further alleges that the Amended Complaint will not involve any significant changes to discovery requirements and that Defendants will not be prejudiced if the Complaint is Amended; and, of particular note, Defendants do not allege they will suffer any undue delay or prejudice if Plaintiff's Motion to Amend is granted.

Given Maine's strong preference to decide cases on the merits, and the fact that Defendants will not be prejudiced if the Motion is granted, the court finds there is good cause to allow the Plaintiff to amend her Complaint in this matter.

## IV. Conclusion

It has long been established that parties "should not be precluded by technicalities of pleading from presenting [a] claim or defense on its merits unless the pleadings have misled the opposing party to [their] prejudice." *Bangor Motor Co.*, 452 A.2d at 392. Because there is no allegation that the Amended Complaint will cause undue prejudice

or delay, the court finds good cause for the Plaintiff to amend her Complaint under the circumstances presented.

Accordingly, the entry is:

Plaintiff's Motion for Leave to Amend is GRANTED.

Plaintiff's Amended Complaint shall be deemed to have been filed upon entry of this Motion.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: March 23, 2021

Mary Gay Kennedy
Justice, Superior Court

**Plaintiff–Danielle Quinlan, Esq.**
**Defendant–Kelly Morrell, AAG**