STATE OF MAINE
AROOSTOOK, SS.

SUPERIOR COURT
CIVIL ACTION
DOC. NO. CARSC-CV-2021-062

LON CYR,

        Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF
FIRE FIGHTERS, AFL-CIO, *et al.*

        Defendants

ORDER ON MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on the renewed motion to dismiss pursuant to Rule 12(b)(6) and renewed motion for summary judgment filed by defendant International Association of Fire Fighters, AFL-CIO ("IAFF"). As matters outside the Second Amended Complaint have been presented to and not excluded by the court, the motion to dismiss will be treated as one for summary judgment and disposed of as provided in Rule 56. All parties have been given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *M.R.CIV.P. 12(b)*.

Plaintiff Lon Cyr (the "Plaintiff") alleged in his three-count Second Amended Complaint that (1) International Association of Firefighters, AFL-CIO (IAFF) and Professional Fire Fighters of Maine (PFFM) caused or attempted to cause the City of Caribou to discriminate against Plaintiff on the basis of his disability in violation of the Maine Human Rights Act (Discrimination Claim I); (2) IAFF and PFFM tortiously

interfered with Plaintiff's contract or prospective economic advantage with the City of Caribou (Tortious Interference Claim); and (3) the City of Caribou discriminated against Plaintiff on the basis of his disability in violation of the Maine Human Rights Act (Discrimination Claim III). IAFF seeks summary judgment in its favor/dismissal on both counts that involve IAFF.

## STANDARD OF REVIEW

The Court will grant a properly supported motion for summary judgment if "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774. A genuine issue exists "when there is sufficient evidence for a fact-finder to choose between competing versions of the fact," *Id.* ¶ 11, "even if one party's version appears more credible or persuasive." *York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 16, 200 A.3d 803.

The moving party has the initial burden of proving the absence of any genuine, material factual issues through a properly supported statement of material facts (S.M.F.) and of proving that the facts presented in that S.M.F., left uncontroverted, would entitle the moving party to judgment as a matter of law at trial. *See* M.R. Civ. P. 56(e); *Jennings v. Maclean*, 2015 ME 42, ¶ 5, 114 A.3d 667; *see also* 3 Harvey & Merritt, *Maine Civil Practice* § 56:6 at 242 (3d, 2018-2019 ed.) ("The initial burden under Rule 56 lies with the moving party to demonstrate clearly the absence of a genuine issue of material fact."). In determining whether the summary judgment record reveals a genuine dispute of material fact, the Court examines the facts, including any reasonable inferences that may

2

be drawn therefrom, in the light most favorable to the nonmoving party. *See e.g.,* *McCandless v. Ramsey*, 2019 ME 111, ¶ 11, 211 A.3d 1157; *Grant v. Foster Wheeler, LLC*, 2016 ME 85, ¶ 12, 140 A.3d 1242; *Maine Civil Practice* § 56:6 at 242. The question of whether the moving party has initially shown that he or she is entitled to judgment as a matter of law, depends on whether the moving party bears the ultimate burden of proof on the particular claim or defense at issue on the motion.

IAFF has moved for summary judgment on the grounds that Plaintiff is unable to prove all of the elements of his claims against IAFF due to a failure to show that Michael Crouse (hereinafter "Mr. Crouse") was an agent of IAFF. Plaintiff would bear the ultimate burden of proving the elements of his claims against IAFF, including that Mr. Crouse was an agent of IAFF. To meet its initial burden as the moving party, IAFF must show either that its S.M.F. presents certain facts that would refute an essential element of Plaintiff's claims, or which indicate that Plaintiff is unable to muster the necessary evidence to set forth a prima facie case. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194-97 (5th Cir. 1986); *see also Waugh v. Genesis Healthcare LLC*, 2019 ME 179, ¶ 9, 222 A.3d 1063 (a defendant moving for summary judgment bears the initial burden of establishing that no genuine dispute of material fact exists and that undisputed facts entitle it to a judgment as a matter of law); M.R. Civ. P. 56(e)-(h). If IAFF satisfies this burden, the Plaintiff must respond by producing the evidence necessary to "establish a prima facie case for each element of [his or her] cause of action." *Lougee Conservancy*, 2012 ME 103, ¶ 12, 48 A.3d 774. This standard requires only that the Plaintiff produce "enough evidence to allow the [trier-of-fact] to infer the fact at issue and rule in the party's favor." *Id.* If the

3

Plaintiff fails to satisfy this burden as to any essential element of his cause of action, IAFF is entitled to summary judgment on that claim. *Id.* ¶ 12; M.R. Civ. P. 56(e).

When a motion for summary judgment is made and supported as provided in Rule 56, "an adverse party may not rest upon the mere allegations or denials of that party's pleading but must respond by affidavits or as otherwise provided in [Rule 56] setting forth specific facts showing that there is a genuine issue for trial." *M.R. Civ. P. 56(e).*

## DISCUSSION

Plaintiff suffered a health issue that impacted his ability to work. Following what Plaintiff contends was clearance to return to work, the City of Caribou did not want him to return to work at that time. Plaintiff engaged Michael Crouse to represent his interest in pursuit of his effort to return to work (hereinafter referred to as "the Cyr matter"). It is out of this relationship that Plaintiff contends IAFF caused or attempted to cause the City of Caribou to discriminate against Plaintiff on the basis of his disability in violation of the Maine Human Rights Act and tortiously interfered with Plaintiff's contract or prospective economic advantage with the City of Caribou.

What is central to this court's analysis in this matter is a very narrow issue: has the Plaintiff put forth sufficient facts regarding the conduct on the part of IAFF as the principal related to any agency relationship between IAFF and Mr. Crouse to generate a genuine issue of material fact in dispute?

An agent's authority to act on behalf of the principal may be indicated in several ways. Express authority is that authority which is directly granted to or conferred upon the agent in express terms by the principal. There is no allegation by Plaintiff that IAFF

4

granted express authority to Mr. Crouse relative to the Cyr matter. The evidence in this matter reflects that Mr. Crouse is not a contractual agent of IAFF. In fact, the consulting agreement between Mr. Crouse and IAFF specifically reflects that he "is an independent contractor and is not an employee, agent, partner or joint venturer of the IAFF and shall not bind nor attempt to bind IAFF to any contract or other commitments." (S.M.F. ¶5). "With no evidence of any contractual relationship, if any agency relationship is to be demonstrated, it must be demonstrated on the theory of ratification or apparent agency." *Remmes v. Mark Travel Corp.*, 2015 ME 63, P21, 116 A.3d 466, 472.

Implied authority is actual authority "circumstantially proven from the facts and circumstances attending the transaction in question" and goes to the perceptions of the agent not the third party. *Libby v. Concord Gen. Mut. Ins. Co.*, 452 A.2d 979, 981-82 (Me. 1982), quoting *Stevens v. Frost*, 140 Me. 1, 7, 32 A.2d 164, 167 (1943) (internal quotes, citations and ellipses omitted). Plaintiff does not contend that Mr. Crouse had implied authority to act on behalf of IAFF related to the Cyr matter. Mr. Crouse clearly understood he was not an agent of IAFF as it related to the Cyr matter.

What Plaintiff does contend is that the actions of IAFF resulted in a belief by Plaintiff that Mr. Crouse had apparent authority to act on behalf of IAFF. Apparent authority is authority that, although not actually granted, the principal knowingly permits the agent to exercise or that the principal holds the agent out as possessing. *Steelstone Industries v. North Ridge Limited Partnership*, 1999 ME 132, ¶13, 735 A.2d 980, 983(Apparent authority can arise if the principal, knowingly or negligently holds someone out as possessing authority to act for him or her or it). Apparent authority exists

5

only when the conduct of the principal leads a third party to believe that a given party is the principal's agent. *Id.; Libby v. Concord Gen. Mut. Ins. Co.,* 452 A.2d 979, 982 (Me. 1982).

"A claim of apparent agency is proved by the following elements:

> (1) the principal either intentionally or negligently held a person out as [its] agent for services,
> (2) the plaintiff did in fact believe the person to be an agent of the principal,
> (3) the plaintiff relied on the principal's manifestation of agency, and
> (4) the plaintiff's reliance was justifiable."

*See, Levesque v. Central Maine Medical Center,* 2012 ME 109, P 10 n.7, 52 A.3d 933(Citing, *Williams v. Inverness Corp.,* 664 A.2d 1244, 1246-47 (Me. 1995) (citing Restatement (Second) of the Law of Agency § 267 (1958)).

The actions or inactions of IAFF that Plaintiff contends generate a genuine issue of material fact as to agency are as follows:

1. IAFF granted Crouse the right to continue to use his IAFF e-mail address (mcrouse@iaff.org);
2. IAFF knew that Crouse was using this e-mail address related to the Cyr matter;
3. IAFF allowed Crouse to use its fax number;
4. IAFF had Crouse as one of its Service Representatives as recently as 2016; and
5. IAFF took no action to affirmatively state that Crouse was not an agent of IAFF during the Cyr matter.

There certainly are several inexplicable actions by the alleged agent that suggest that he is in fact an agent for IAFF. Mr. Crouse identified himself as an IAFF/PFFM Service Representative. (S.M.F. ¶53). Mr. Crouse sent emails relating to this matter from an IAFF provided email address and IAFF also provided Mr. Crouse a contact fax number that went to his email. (S.M.F. ¶¶42, 45, 46). However, as both parties conceded in their pleadings, it is the conduct of the principal, not the agent, that is the focus of the inquiry.

There is no record evidence of IAFF having any direct communications with Plaintiff or the City of Caribou. (S.M.F. ¶¶34, 40)(Plaintiff argues that IAFF contact with

6

him through Mr. Crouse constitutes direct communication). While IAFF does have District Field Service Representatives, those service representatives provide assistance *to the local affiliates*, with matters including, but not limited to, personnel matters, labor relations, and contract negotiations. (S.M.F. ¶19)(*emphasis added*). The parties agree that IAFF has no duty or legal right to represent Plaintiff with respect to his terms and conditions of employment, including the termination of his employment. (S.M.F. ¶29). IAFF was involved in Mr. Cyr's case but only by providing resources to Mr. Crouse. (S.M.F. ¶¶ 35-37). IAFF consulted with Mr. Crouse regarding fitness for duty assessments for individuals who had a cardiac event and a pacemaker, as well as NFPA standards 1001 and 1582. (S.M.F. ¶35). IAFF also connected Mr. Crouse with a contractor for IAFF's Department of Occupational Health and Safety. (S.M.F. ¶37). All of this contact related to the Cyr matter was directly to Mr. Crouse by IAFF personnel, not to Plaintiff or the City of Caribou.

IAFF did grant Mr. Crouse the continued use of an iaff.org e-mail address after his retirement in 2007. (S.M.F. ¶ 41). Mr. Crouse's e-mail signature delineates his roles as Director of PFFM's Organizing and Field Services Division and as IAFF Motorcycle Group National Coordinator. (S.M.F. ¶42). Other than Mr. Crouse, there is no record evidence that anyone from IAFF told Plaintiff that Mr. Crouse was an IAFF agent. (S.M.F. ¶62; Response at ¶62). Much of the other documentation related to the case references Mr. Crouse as an agent of PFFM, such as the authorization for release of medical records (S.M.F. ¶63) and the letterhead used on requests to Plaintiff's medical providers (S.M.F. ¶64). The fact that IAFF had Mr. Crouse as one of its Service Representatives as recently

7

as 2016 is of no consequence to this action as there is no record evidence that Plaintiff had any interaction or relationship with Mr. Crouse until the dispute regarding his return to work developed in late 2018.

Although the court could not find a Maine case directly on point and the parties have not provided a Maine case directly on point to the court, the court finds the Federal Court decision in *CSX Transp., Inc. v. Recovery Express, Inc.* to be persuasive, even though it is more than 15 years old. 415 F. Supp. 2d 6, 11-12 (D.Mass. 2006). The District Court in *CSX Transport* held that "[g]ranting an e-mail domain name, by itself, does not cloak the recipient with carte blanche authority to act on behalf the grantee. Were this so, every subordinate employee with a company e-mail address -- down to the night watchman -- could bind a company to the same contracts as the president. This is not the law." *Id.* The District Court went on to state:

> "Though e-mail communication may be relatively new to staid legal institutions, the results in analogous low-tech situations confirm this conclusion. The Court could find no cases where, for example, giving someone a business card with the company name or logo, access to a company car, or company stationery, *by themselves*, created sufficient indicia of apparent authority. *See Muscletech Research & Dev., Inc. v. East Coast Ingredients*, LLC, 2004 U.S. Dist. LEXIS 29344, No. 00-CV-0753A(F), 2004 WL 941815, at *32 (W.D.N.Y. Mar. 25, 2004) (holding that issuance of a company credit card, business cards with company logo, possession of company paraphernalia, and appearing in company advertisements was insufficient to create apparent authority); *Asplund v. Selected Investments, Inc.*, 86 Cal. App. 4th 26, 103 Cal. Rptr. 2d 34, 48-49 (Ct. App. 2001) (issuance of a business card and display of a plaque insufficient to create apparent authority); *Raclaw v. Fay, Conmy and Co.*, 282 Ill. App. 3d 764, 668 N.E.2d 114, 117, 217 Ill. Dec. 929 (Ill. App. Ct. 1996) (permitting the occupation of offices, the use of telephones and receptionist, the receipt of mail at company offices, and access to stationery insufficient to create apparent authority); *McFarland v. Entergy Miss., Inc.*, 919 So. 2d 894, 2005 WL 2458870, at *6 (Miss. 2005) (holding that putting a purported agent in electric company vehicle, when plaintiff knew that volunteers were assisting crews, was insufficient to create apparent authority); *Alexander v. ABS Global, Inc.*, 179 S.W.3d 385, 389-390 (Mo. Ct. App. 2005) (holding that providing nitrogen

8

tanks with company logo, billing for services with invoices bearing company logo, sending postcards claiming to be a company representative, distributing business cards indicating representative status, and giving out calendars with company logo to be insufficient to create apparent authority); *Cowburn v. Leventis*, 366 S.C. 20, 619 S.E.2d. 437, 448 (S.C. Ct. App. 2005) (holding that supplying forms and business cards were the only actions of defendant and were not sufficient to create apparent authority)." *Id.*

Perhaps even more so with the advances in technology, the assignment of an e-mail domain name or fax number are sufficiently analogous to business cards, company vehicles, and letterhead referenced by the CSX Transport court for those cases to be persuasive.

In light of the foregoing, the court concludes that there are no genuine issues of material fact in dispute. The court further finds that the actions by IAFF cited by Plaintiff are insufficient to amount to an intentional or negligent holding out of Mr. Crouse as its agent as a matter of law.[1] To the extent that Plaintiff relied on what has been claimed as IAFF's manifestation of agency, such as allowing Mr. Crouse to use an e-mail address and fax number, such reliance was not justifiable in light of the surrounding circumstances. *Levesque v. Central Maine Medical Center*, 2012 ME 109, P 10 n.7.

## CONCLUSION

Accordingly, IAFF's Motion for Summary Judgment is hereby GRANTED. Judgment in favor of IAFF as to counts 1 and 2 of Plaintiff's Second Amended Complaint shall be entered. It is so Ordered.

---

[1] As the court has determined that there has been an insufficient showing to amount to a "holding out" of Mr. Crouse as an agent of IAFF, the court need not move on to the next step in the analysis to determine whether the scope of authority granted to an agent encompasses the actions complained of in this matter.

The Clerk is directed to incorporate this Order upon the docket by reference in accordance with M.R. Civ. P. 79(a).

Dated: 6/15/2022

JUSTICE, MAINE SUPERIOR COURT

ENTERED ON THE DOCKET 6-16-22